IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GINO CARLUCCI,<br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING 2255 MOTION<br><br>Case No. 2:14-CV-924<br>Judge Dee Benson |

This case is before the court on Gino Carlucci's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Having considered the motion and responsive memoranda, and being otherwise fully informed, the court enters the following Memorandum Decision and Order.

**DISCUSSION**

Motions under § 2255 are subject to the one-year statute of limitations commencing from the latest of the times set forth in § 2255(f)(1) - (4). These times are:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As explained below, the court finds that Carlucci's § 2255 motion is untimely under any of the provisions listed in section 2255(f). It is also untimely under the doctrine of equitable tolling.

**Section 2255(f)(1)**

First, Carlucci's motion, filed on December 22, 2014, is untimely because he failed to file it within the one-year statutory requirement from the date of his final judgment in this case. On June 2, 2010, Carlucci was sentenced to 60 months probation. However, the sentencing court held open the issue of restitution and requested additional briefing from the parties. On March 12, 2012, the court entered a restitution order, finalizing the judgment in this case. Pursuant to the Federal Rules of Appellate Procedure, Carlucci's conviction became final for purposes of § 2255 when the time expired for him to file a timely appeal – 14 days following the date judgment was entered against him (i.e., March 26, 2012). See Fed. R. App. P. 4(b)(1). Therefore, Carlucci's conviction became final, and the one-year statute of limitations began to run, on March 26, 2012. Plaintiff did not file the above-captioned 2255 motion until December 22, 2014, well outside the one-year statutory requirement. Accordingly, it is untimely under 28 U.S.C. § 2255(f)(1).

**Section 2255(f)(2)**

Carlucci has not alleged any governmental action which violated the Constitution or federal law and impeded his ability to bring a timely motion. Accordingly, § 2255(f)(2) does not apply to this case.

**Section 2255(f)(3)**

Next, Carlucci has not asserted a newly created right recognized by the Supreme Court. Although Carlucci attempts to assert a "newly created right" under United States v. Harden, 758 F.3d 886 (7th Cir. 1996), as a basis for challenging the magistrate judge's authority to accept his guilty plea, there are multiple flaws in this argument. First, Harden is not a Supreme Court case. Second, Harden is in direct conflict with precedent from the United States Court of Appeals for the Tenth Circuit recognizing that a magistrate judge's authority under the "additional duties" clause of the Federal Magistrates Act, 28 U.S.C. § § 631-39, includes the taking of a felony plea based on a referral from a district judge. United States v. Ciapponi, 77 F.3d 1247, 1250 (10th Cir. 1996). Additionally, in Ciapponi the Tenth Circuit also held that the referral of a felony plea to a magistrate judge, which is consented to by the defendant (as Carlucci did in this case), does not impinge on a defendant's constitutional right under Article III to have a district judge preside at all critical stages of a felony trial. Ciapponi, 77 F.3d at 1250-51. Accordingly, section 2255(f)(3) is inapplicable in this case.

**Section 2255(f)(4)**

Moreover, Carlucci's discovery of facts surrounding his § 2255 motion does not save the untimeliness of his motion. The majority of Carlucci's claims appear to be premised on the

alleged breach, by the government, of the plea and proffer agreements between Carlucci and the government in the underlying criminal case. Additionally, Carlucci claims that the government improperly used information from the underlying criminal case (prosecuted in Utah) to convict him of money-laundering, conspiracy to defraud the United States, and willful filing of false tax returns, in a subsequent Arizona prosecution.

Section 2255(f)(4) sets forth an objective test, providing that the limitation period starts when a person exercising reasonable diligence should have known of the facts supporting the claim. United States v. Denny, 694 F.3d 1185, 1189 (10th Cir. 2012).

Applying this objective standard to the facts of this case, it is apparent that Carlucci knew of the facts supporting his claims as early as August 11, 2010. Carlucci was indicted in the Arizona case on April 8, 2010. Thereafter, on August 11, 2010, Carlucci moved to dismiss the indictment in the Arizona case based on, among other things, the government's alleged breach of the plea and proffer agreements in the Utah case and the government's improper use of evidence from the Utah case in the Arizona prosecution. See United States v. Gino Carlucci & Wayne A. Mounts, Case No. 2:10cr00464-KHV, Dtk. No. 52, at 3-6 & 8-10. The same complaints that formed the basis of his motion to dismiss the indictment now form the basis of Grounds One through Three of Carlucci's § 2255 motion. Thus, Carlucci was aware of the claims underlying his § 2255 motion as early as August 2010, and likely even earlier.

At the very least, Carlucci was indisputably aware of information from the Utah case being used against him in the Arizona case on July 25, 2011, when the Arizona jury returned a guilty verdict against him. Using July 25, 2011 as an operative date, Carlucci was required to

file his § 2255 motion by July 25, 2012, and his filing date of December 22, 2014 is well-beyond that deadline.

**Equitable Tolling**

Finally, Carlucci has not provided the court with any evidence that would support equitable tolling of the one-year time limit. Equitable tolling of the one-year limitation period under § 2255 is available when the movant demonstrates: (1) that he has diligently pursued his claims; and (2) that his failure to timely file was caused by "extraordinary circumstances." United States v. Gabaldon, 522 F.3d 1121, 1124 (10th Cir. 2008). Expanding on this, the United States Court of Appeals for the Tenth Circuit has explained that equitable tolling should be applied in this context only "in rare and exceptional circumstances," including: (a) "when a prisoner is actually innocent;" (b) "when an adversary's conduct – or other uncontrollable circumstance – prevents a prisoner from timely filing;" or (c) "when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson v. Klinger, 232 F.3d 799 (10th Cir. 1998). "[A]n inmate bears a strong burden to show facts to support his claim of extraordinary circumstances and due diligence." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008).

Carlucci has not presented facts sufficient to satisfy the "strong burden" of showing extraordinary circumstances and due diligence. As explained above, Carlucci first learned about the claims underlying his § 2255 motion as early as August 11, 2010 (when he moved to dismiss the Indictment in the Arizona case based on claims that the government breached the plea agreement in the Utah case) and no later than July 25, 2011 (when the jury returned a guilty

verdict in the Arizona case). In the time that elapsed from July 25, 2011 until December 22, 2014, when Carlucci filed his § 2255 motion in this case, the record is lacking in facts that would show diligent efforts by Carlucci to pursue his remedies. Indeed, Carlucci's only effort to inform the court of his present allegations occurred on December 13, 2013, when Carlucci filed a motion in the underlying criminal case, in Utah, seeking appointment of counsel on the grounds that he was "currently incarcerated due to the breach of the plea agreement and prosecutorial misconduct." Criminal Case, No. 2:14CR765 - DB (D. Utah) (Dkt. No. 67). On February 5, 2014, the court denied the motion to appoint counsel noting: "there is no matter currently pending before the Court for which the Court may appoint counsel," and in so doing, put defendant on notice that he needed to file something to establish a matter for which counsel could be appointed. Id. (Dkt. No. 68.) Carlucci has simply provided no explanation as to why he delayed until December 22, 2014 to file his § 2255 motion.

## CONCLUSION

For the reasons explained above, Carlucci's § 2255 Motion is dismissed as untimely.[1]

DATED this 9th day of October, 2015.

Dee Benson
United States District Judge

[1]On October 8, 2015, Carlucci filed a Motion for Leave of Court to Conduct Discovery. (Dkt. No. 10.) Having concluded that Carlucci's § 2255 motion is time-barred, and therefore dismissed, Carlucci's motion to conduct discovery is moot.